IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MICHAEL BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 123-014 |
| | ) | |
| BRIAN A. COKER and MULBERRY HILL PROPERTIES, LLC., | ) ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).

I. SCREENING THE AMENDED COMPLAINT

　A.　BACKGROUND

Plaintiff names as Defendants (1) Mulberry Hill Properties, LLC and (2) Brian A. Coker, an agent of Mulberry Hill. (Doc. no. 5, pp. 1-2.) Plaintiff provides the same Grovetown, Georgia, address for both Defendants, and lists an Augusta, Georgia, address for himself. (Id. at 2.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On February 28, 2022, Plaintiff "performed his contractual obligations for account set off." (Id. at 4.) However, on June 3, 2022, Defendants locked Plaintiff out of his home and

took Plaintiff's private property. (Id.) Plaintiff alleges, with no further detail, Defendants "denied rights" and "failed and refused to perform fiduciary duty." (Id.) Plaintiff seeks return of all "rights, titles, interest, and equity," and the ability to return to his property as well as $1,000,000 for each day the violations continue. (Id.)

Plaintiff separately submitted forty-one pages of exhibits, none of which he explains or references in his amended complaint. (See doc. no. 6-1.) The exhibits indicate Defendant Coker is Plaintiff's landlord and contain copies of letters, mail receipts, and texts showing both Plaintiff and Defendant Coker's attempts to collect money from each other in relation to Plaintiff's lease. (See generally id.) An included police report and text messages show Defendant Coker attempted to evict Plaintiff on June 3, 2022, without notice by changing his locks and selling Plaintiff's belongings to cover Plaintiff's debts. (Id. at 36-39.) When the Court ordered Plaintiff to amend his complaint, it cautioned Plaintiff he may not rely on exhibits as a means of providing the factual basis for his complaint. (Doc. no. 4, p. 4.) The Court therefore does not accept Plaintiff's unexplained exhibits as the basis for his claims.

    **B.**    **DISCUSSION**

        **1.**    **Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson

v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

The court affords a liberal construction to a pro se litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

## 2. Federal Subject Matter Jurisdiction

"[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Federal courts must always dismiss cases upon determining that they lack subject matter jurisdiction, regardless of the stage of the proceedings. Goodman *ex rel*. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001). To invoke the jurisdiction of the Court, a plaintiff must properly "allege the jurisdictional facts, according to the nature of the case." McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182 (1936).

"A federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). Under 28 U.S.C. § 1332, diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. The party asserting jurisdiction has the burden of establishing that their cause lies within this limited grant of jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

Here, Plaintiff fails to allege a basis for federal subject matter jurisdiction. Though he selected the "Federal Question Jurisdiction" box on the form complaint, Plaintiff appears to be pressing state law claims against Defendants for violating his lease and evicting him. Plaintiff only cites 25 U.S.C. 3116 as the basis for federal question jurisdiction; however, this statute pertains to the Secretary of the Interior and employment contracts relating to Indian forest

resource management.  See 25 U.S.C. § 3102.  It is not apparent any federal statute is applicable to invoke federal question jurisdiction here.  28 U.S.C. § 1331; see Gundogdu v. WDF-4 Wood Harbour Park Owner, LLC, No. 21-61003-CIV, 2022 WL 2702624, at *4 (S.D. Fla. July 12, 2022) ("[N]othing about that eviction claim triggers our federal-question jurisdiction."); Chastain v. Soomro, No. 3:20CV4181-MCR-HTC, 2020 WL 2231822 *3 (N.D. Fla. Mar. 18, 2020) ("[Plaintiff] alleges Defendant unlawfully evicted her, and unlawful eviction is a state law claim."), *adopted by* 2020 WL 2216905 (N.D. Fla. May 7, 2020); Miller v. Corbin, No. 5:18-CV-225-TES, 2018 WL 5292062 *1 (M.D. Ga. July 11, 2018) ("Eviction proceedings are maters of purely state law . . . ."), *adopted by* 2018 WL 5290096 (M.D. Ga. Aug. 14, 2018).

Nor has Plaintiff alleged any facts sufficient to establish federal diversity jurisdiction as he has not alleged Defendants are citizens of another state.  28 U.S.C. § 1332(a).  Plaintiff states both Defendants are citizens of Georgia.  Indeed, records from the Georgia Secretary of State confirm Defendant Mulberry Hill Properties, LLC is a citizen of Georgia, same as Plaintiff.  See https://ecorp.sos.ga.gov/BusinessSearch (in "Business Search," search "Mulberry Hill Properties, LLC"; last visited March 27, 2023) ("Attach. 1."); Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005) ("Diversity jurisdiction requires complete diversity between named plaintiffs and defendants.  For purposes of determining diversity, a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." (citations omitted)).  Because Plaintiff has failed to plead any facts demonstrating he is entitled to invoke the jurisdiction of the federal courts, his case is subject to dismissal.

## II. CONCLUSION

As Plaintiff has not satisfied the requirements for invoking the Court's subject matter jurisdiction, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 29th day of March, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA